The opinion of the Court, was delivered by
Ryekson, J.
The defendants in this cause, are a Corporation under our statute entitled “An act to incorporate trustees of religious societies,” Rev. Laws 475. It may be remarked, that religious societies in this state, whose trustees are incorporated *253 under the said act, present a three-fold aspect. First The congregation who usually meet together for religious worship and instruction: Secondly The Church — strictly so called — composed of those entitled to full church privileges; and lastly the trustees — or corporation. Each of these may act separately. The efficacy of their respective acts, or how they are to be rendered responsible therefor, or how their respective duties or obligations are to he enforced may sometimes become an important inquiry. The employment of a pastor, may be submitted or allowed to the congregation at large. Or it may be done by the Church, strictly so called. But unless the trustees, as such, are parties to the contract, no action at law can he sustained against the society, whatever other remedy may exist. The trustees may refuse their assent to the employment of a pastor whom the Church or congregation may employ. And if they do — no action lies — -and the only remedy I can conceive of against them, would be not against them as a corporation, but against them personally, by removal from office, or in some other mode, for a dereliction of personal duty. But it must be borne in mind, that although they as trustees are entitled to the custody of the temporalities of the society; they ought not to act capriciously, or arbitrarily. When the society has regularly employed a pastor, it becomes the duty of the trustees, to fulfill their trust by exerting the means in their hands, to provide the stipulated support. This duty it is to he presumed they will fulfill. And where their dissent does not expressly appear, it is to be presumed that they have undertaken to perform their duty. Where a minister is invited by the Church or congregation to perform the pastoral office, with a promise express — or implied, of .compensation therefor, and the trustees interpose no obstacle to his introduction into the charge; and more especially, if they open, (or what would seem to be the same in effect, where they permit to be opened, unto him,) their place of worship, and allow him to discharge the duties to which he is invited; the facts are sufficient to warrant the inference, that they have undertaken to pay him. It had become their duty so to do, and the presumption is that they have and will perform it.
Upon the trial of this cause, I required of the plaintiff proof direct that the defendants, by some act or vole as a body of *254 trustees, had assented to the hiring, and had concurred in the promise of reward, before they could be as a Corporation held liable to an action. This proof, I conceived, had not been given, and therefore non-suited the plaintiff. I did not indeed, suppose that the old doctrine was now law that a Corporation could only be bound by an express contract; and far less that such contract could only be made in one particular form. But I did suppose that all power that could be recognized in a Court of law, resided exclusively in the board of trustees, and until they as a body, as a Corporation, were shown to have acted — no binding, legal obligation had been assumed, or could be inferred. I am now of opinion, I took too narrow a view of the subject, and that the non-suit should be set aside; with costs to abide the event of the suit. See 12 Johnson’s Rep. 227; 14th lb. 118; 3 Halst. 182 where will be found an extensive collection of cases bearing on this subject.
Cited in Worrell v. Presbyterian Church, 8 C. E. Gr. 102-106.